CODMAN et al. v. LLOYD et al.

(Circuit Court of Appeals, Third Circuit.  November 8, 1916.)

No. 2085.

CORPORATIONS ☞579(2)—INSOLVENCY PROCEEDINGS—PROVABLE CLAIMS.

Creditors of a defunct corporation, whose property and assets had been informally taken over by a new corporation having to a large extent the same stockholders, by entering into an agreement by which they accepted stock of the new company for the amount of their debts, thereby by ratification waived the right to avoid the transfer of the property of the old corporation as fraudulent, and also the right to claim that the new company had assumed their debts, and cannot prove as creditors in insolvency proceedings against the new company.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2307, 2309, 2313, 2316; Dec. Dig. ☞579(2).]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit by John E. Codman, George A. Sagendorph, and another, executors of the estate of L. Lewis Sagendorph, deceased, against William S. Lloyd and another, receivers of the American Metal Stamping Company.  From a decree dismissing exceptions to, and confirming, the master's report, denying the claim of the first-named complainant (227 Fed. 942), he appeals.  Affirmed.

Winfield W. Crawford, of Philadelphia, Pa., for appellant.
John Blakeley, of Philadelphia, Pa., for appellees.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge.  This is an appeal by John E. Codman, an alleged creditor of the American Metal Stamping Company, an insolvent corporation of Pennsylvania, from a decree dismissing his exceptions to, and confirming a master's report, which denied his claim and awarded the balance in the receiver's hands to creditors.

The findings of the master, and the court below, show the insolvent company was chartered by the state of Pennsylvania, in 1905, under the name of the Enamel Metal Arts Company.  Its stockholders, with four exceptions, were members of two family connections, Codman and Sagendorph.  All the Codmans and Sagendorphs had been stockholders of the American Metal Stamping Company, a corporation of the state of Delaware.  Without any formal transfer thereof, the Pennsylvania corporation, on its incorporation, assumed control of the business and property of the Delaware corporation, and operated the same under the trade name of the American Metal Stamping Company.  This anomalous state of affairs continued until 1911, when steps were taken to adjust the affairs of the two companies:

First, the name of the Pennsylvania corporation, viz. the Enamel Art Metal Stamping Company, was changed to the American Metal Stamping Company.  Second, a valuation of $32,600 was placed on the

assets of the Delaware corporation which the Pennsylvania corporation had taken over and used as its own. Third, by two written contracts dated June 7, 1911, between all of the stockholders of the Delaware corporation of the one part and the Pennsylvania corporation of the other, it was stipulated that the charter of the Delaware corporation had been forfeited by the state of Delaware in 1907 for nonpayment of taxes; that since then the assets of that company had been held and used by the Pennsylvania company without consideration; that the stockholders of the Delaware Company now transferred such assets, of an agreed value of $32,600, to the Pennsylvania company, and that the Pennsylvania company was to pay to the stockholders of the Delaware company for such assets the sum of $32,600 in its paid-up stock, which was to be delivered to John Blakeley, trustee; and that "the delivery of the certificate for said shares to the above-named party and his (Blakeley's) receipt for the sum shall be a full discharge of each of the parties hereto." This contract, which was signed, amongst others, by John E. Codman, was carried out, and the purchase money in stock paid by the Pennsylvania corporation in stock certificates issued to Blakeley as trustee.

It further appears that at this time the only outstanding indebtedness and obligations of the Delaware corporation were to some of its stockholders who signed this agreement. Among these was the indebtedness which John E. Codman, in the present proceeding, now seeks to assert against the Pennsylvania corporation. To his claim objection is made, because the latter company's liability for this indebtedness of the Delaware company to Codman and other stockholder creditors of that company was once and for all settled adversely when the foregoing agreements were made. The proofs show that the question of the Pennsylvania company's liability for these debts was raised when it agreed to purchase the Delaware company's stock, and by one of the contracts then made it was agreed by the Pennsylvania company that, in relief of Codman and other creditors of the Delaware corporation, it would, with the consent of the stockholders of the Pennsylvania company entitled to the Blakeley stock, undertake to apply all dividends on such stock to the payment of the claims Codman and other stockholders held against the Delaware corporation.

By this contract, which was signed by Codman and his fellow creditors of the Delaware corporation, it was agreed that an entry be made on the stock certificates stating that ownership thereof was subject to the terms of this agreement that the Pennsylvania corporation apply their dividends as above stated. The writing further provided that "nothing herein contained shall be taken as an admission by the party of the second part (the Pennsylvania corporation) of any liability whatsoever for the obligations hereinbefore mentioned, *such liability* being *denied by the party of the second part*," and also that Codman and the other creditors of the Delaware company waive "any right to claim payment from the party of the second part (the Pennsylvania corporation) in connection with said obligations in any other manner than as hereinbefore set forth."

The proofs show that these contracts were carried into effect and remained in force until the filing of the bill. The assets of the Delaware company were absorbed by the Pennsylvania company, the stock of the latter company, in payment for such assets, was issued to Blakeley, and out of the dividends declared on such trusteed stock some $5,200 were paid on account of principal or interest on the indebtedness of the Delaware company which Codman and other creditor stockholders held or were liable for as indorsers. In the meanwhile, the Pennsylvania corporation had done business and incurred liabilities to the liquidation of which the court, by the decree here challenged, has distributed the fund in the hands of the receivers.

From these facts it will be seen that Codman has no present claim against the Pennsylvania company, and that he is estopped by his own course and contract from now asserting any claim he might originally have had against it by reason of its taking possession of the Delaware corporation's assets without right. Such claim he waived by the agreements referred to; he vested the title of those assets in the Pennsylvania corporation; he agreed to look to another and specified procedure for the payment of his claim; he accredited the Pennsylvania company with valid ownership of the Delaware company's assets, and thus enabled that company to thereafter incur indebtedness to others. Inquiry by such latter creditors would have shown that Codman was not a creditor of the Pennsylvania company, that his name did not appear on its books, and that it had paid the Delaware company stockholders for its assets.

Having by his action aided in creating such a situation, and the Pennsylvania company having incurred debts on the basis of such situation, the contracts Codman entered into, as well as the equitable principles of estoppel, stand as a barrier to his now asserting his claim against the funds in the hands of the receiver.

The decree below is therefore affirmed.